ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 11 2006
CLERK, U.S. DISTRICT COURT
BY_____
DEPUTY

| | |
|---|---|
| ALLEN FITZGERALD CALTON, )<br>#1123880, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>DALLAS COUNTY, et al., )<br>    Defendants. ) | 3:05-CV-2022-N<br>ECF |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is currently confined at the Clements Unit of the Texas Department Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. The events at issue in this case occurred while Plaintiff was confined at the Dallas County Jail during two separate periods of incarceration -- from June 21 until September 21, 2004, when he was a pre-trial detainee awaiting trial, and from February 18, 2005, until July 28, 2005, when he returned on a writ of habeas corpus ad testificandum issued by this Court to attend the trial in Calton v. Clark, et al., 3:02cv2215-N (N.D. Tex., Dallas Div.).

Defendants are Dallas County, former Sheriff Jim Bowles, Sheriff Lupe Valdez, Chief

Edgar McMillian, Chief Lana Porter, and Officers Cole, Teurman, Johnson, Williams, Terry, Walls, and Mitchell.

The Court did not issue process in this case, pending preliminary screening. On January 24 and April 4, 2006, the Court issued an original and a supplemental questionnaire to Plaintiff. He in turn filed his answers on February 3 and April 20, 2006.

Statement of Case: The complaint alleges Dallas County, former Sheriff Bowles, Chiefs McMillian and Porter, and Officers Cole and Teurman provided Plaintiff with only five hours of access to the law library during his ninety-day pre-trial confinement in 2004 in violation of his constitutional rights to self representation, effective assistance of counsel, due process and access to the courts. (Amended Complaint filed Dec. 28, 2005, at 13-31). The complaint further alleges Officers Johnson, Williams, Terry, Walls and Mitchell, were deliberately indifferent to Plaintiff's suicidal thoughts and severe depression, for which he was taking three medications, when they gave him a razor without visual monitoring and supervision on April 23 and July 9, 2005, while he was housed in the psychiatric floor at the Dallas County Jail. (Id. and Answer to Suppl. Question 2-6). On both occasions Plaintiff attempted suicide by slicing his wrists. In addition to the above officers, Plaintiff seeks to sue Dallas County and Sheriff Valdez in connection with the attempted suicides with the shaving razors. He alleges that Dallas County has had an unwritten custom of freely offering shaving razors on a weekly basis without supervision to inmates confined on the psychiatric floor at the Dallas County Jail. (Answer to Questions 8 and 9). He further alleges that Sheriff Valdez has allowed this custom or practice to continue (Answer to Question 10) and has failed to ensure "that mentally ill inmates housed on the psychiatric floor would be provided direct visual officer supervision while in the possession

2

of a shaving razor for approximately two hours" (Answer to Question 11). Plaintiff requests compensatory and punitive damages. (Amended Complaint at 32-34).

<u>Findings and Conclusions</u>: Although Plaintiff paid the $250.00 filing fee, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. <u>See</u> <u>Martin v. Scott</u>, 156 F.3d 578 (5th Cir. 1998) (the statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*). Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). <u>See also</u> 42 U.S.C. § 1997e(c)(1).

Section 1915A(b) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In his first ground, Plaintiff alleges Defendants Dallas County, former Sheriff Bowles, Chiefs McMillian and Porter, and Officers Cole and Teurman failed to provide him with adequate access to the law library from June 21 until September 21, 2004. During this period Plaintiff was proceeding *pro se* with standby counsel, acting only as an investigator, in <u>State v. Calton</u>, No. F02-25335, in Criminal District Court No. 5, of Dallas County, Texas, in which he had been charged with evading arrest with a motor vehicle, a third degree felony with a two-

paragraph habitual notice. (Answer to Question 1). According to Plaintiff, this criminal case was set to go to trial on August 23, 2004. As a result, he needed to prepare a defense, which included an insanity defense. He also needed to conduct legal research and familiarize himself with criminal trial procedure, including jury selection, the rules of evidence, and "a challenge for cause due to bias or prejudice against me . . . ." (Id.).

Plaintiff alleges that the denial of access to the law library "prejudiced the Plaintiff as a *pro se* defendant due to being unable to do the necessary law research in preparation for . . . [the criminal trial], leaving the Plaintiff no other alternative except to waive his right to a trial by jury and plead no contest on August 23, 2004." (Amended Complaint at 17).

As reflected in the attached docket sheets, Cause No. F02-25335 was dismissed and refiled under No. F02-01146. (Attachment I). While Plaintiff initially proceeded *pro se* in both cases, he was later represented by Assistant Public Defender Doug Schopmeyer. (Id.). Plaintiff was also represented by a public defender at the time of his nolo contendere plea in F02-01146. (Id.).

Any claim of denial of law library access relating to the period of pre-trial confinement while Plaintiff was proceeding *pro se* lacks an arguable basis in law. The Supreme Court recently observed that it has never recognized a *pro se* defendant's right to law library access under the Sixth Amendment. Kane v. Garcia Espitia, ___ U.S. ___, 126 S. Ct. 407, 408 (2005) (recognizing that Faretta v. California says nothing about any specific legal aid that the State owes a *pro se* criminal defendant). See Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) (collecting cases) (holding that a defendant who rejects the assistance of court-appointed counsel has no constitutional right to access a law library in preparing the *pro se* defense of his criminal

4

trial).

Insofar as Plaintiff seeks to allege a claim of denial of access to the law library for the period in which he was represented by the Assistant Public Defender, his claim fares no better. When a criminal defendant is represented by counsel, he has not constitutional right of access to a law library in connection with his criminal proceedings. See Caraballo v. Federal Bureau of Prisons, 124 Fed. Appx. 284, 285 (5th Cir. 2005) (federal inmate who had court-appointed counsel on direct appeal had no constitutional right of access to a law library in preparing his defense); Gordon v. Police Jury of Jefferson Davis Parish, 2001 WL 1468183, *1 (5th Cir. 2001) (unpublished per curiam) (state inmate who was represented by counsel in criminal proceeding was not entitled to relief on claim that he did not have access to law library).

Next Plaintiff alleges Officers Johnson, Williams, Terry, Walls and Mitchell were deliberately indifferent to his severe depression and suicidal thoughts when they gave him a razor without supervision on April 23 and July 9, 2005, while he was housed in the psychiatric floor at the Dallas County Jail. On both occasions Plaintiff attempted suicide by slicing his wrists.[1]

Accepting the above allegations as true, the Court concludes that Plaintiff has arguably raised claims cognizable under 42 U.S.C. § 1983 for deliberate indifference to his psychiatric needs -- i.e., severe depression and suicidal thoughts. See Farmer v. Brennan, 511 U.S. 825,

---

[1]   While exhaustion of administrative remedies is mandatory, see 42 U.S.C. § 1997e(a), Plaintiff has sufficiently alleged inadequacies in the grievance procedure at the Dallas County Jail to pass the screening stage with respect to administrative exhaustion. (Answer to Questions 2 and 3). It also appears that Plaintiff has alleged a sufficient physical injury to sustain a claim for damages for mental or emotional injury suffered while in custody. See 42 U.S.C. § 1997e(e)

5

837-840 (1994) (deliberate indifference occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety); Snow ex rel. Snow v. City of Citronelle, 420 F.3d 1262, 1268-69 (11th Cir. 2005) ("[I]n a prison suicide case, deliberate indifference requires that the defendant deliberately disregard 'a strong likelihood rather than a mere possibility that the self-infliction of harm will occur . . . the mere opportunity for suicide, without more, is clearly insufficient to impose liability on those charged with the care of prisoners." An officer "cannot be liable under [section] 1983 for the suicide of a prisoner who never had threatened or attempted suicide and who had never been considered a suicide risk."); Flores v. County of Hardeman, 124 F.3d 736, 738 (5th Cir. 1997) (to prevail on a § 1983 claim based on the alleged failure of law enforcement officials to prevent the suicide of a pretrial detainee, the plaintiff must demonstrate that the officials acted with deliberate indifference to the detainee's needs).

Plaintiff's allegations that Officers Johnson and Williams handed him a shaving razor on April 23, 2005, without supervision, although they knew of his severe depression and suicidal tendencies as documented in his "file and floor buffcard," arguably raise a claim that they may have been deliberately indifferent. (Answer to Supplemental Questions 3 and attachment to supplemental questionnaire). The same applies to Plaintiff's allegations that on July 9, 2005, Officers Terry, Walls, and Mitchell again handed him a razor without supervision, knowing that he had attempted suicide two months earlier and suicide precautions had been taken. (Answer to Supplemental Question 6 and attachments to supplemental questionnaire). Therefore, Plaintiff's deliberate indifference claims against Officers Johnson, Williams, Terry, Walls and Mitchell are not subject to dismissal at the screening stage.

In addition to the officers, Plaintiff seeks to sue Dallas County and Sheriff Valdez in connection with the suicide attempts with the shaving razors. The Court will address those claims next.

A local government entity such as a county or municipality cannot be held liable for a constitutional violation under a theory of vicarious liability or *respondeat superior*. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Instead, liability may be imposed "only where the municipality itself causes the constitutional violation at issue." Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403-404 (1997); City of Canton v. Harris, 489 U.S. 378, 385 (1989). To prevail on a § 1983 claim against a municipality, the plaintiff must therefore demonstrate that the city or county acted pursuant to a policy or custom that was the cause of an alleged deprivation of rights protected by the Constitution. Bryan County, 520 U.S. at 403. The Fifth Circuit has defined a "policy or custom" as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

Burge v. St. Tammany Parish, 336 F.3d 363, 369 (5th Cir. 2003) (quoting Bennett v. City of Slidell, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc* and *per curiam* )). The Fifth Circuit has also specifically held that a plaintiff must demonstrate actual or constructive knowledge of the custom attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Burge, 336 F.3d at 370.

Plaintiff's conclusory allegations that Dallas County permitted jail officer to offer shaving razors on a weekly basis to psychiatric floor inmates at the Dallas County Jail without supervision is insufficient to satisfy his burden of pleading that the County acted pursuant to a policy or custom that was the cause of an alleged deprivation of constitutional rights. By failing to allege facts that suggest of actual or constructive knowledge of the custom attributable to Dallas County, Plaintiff has not pled sufficient facts necessary to trigger liability. In the instant case, the only connection between the alleged acts of the Dallas County Jail Officers who handed Plaintiff the shaving razors and Dallas County is the fact of their employment. This is clearly insufficient to establish liability under section 1983 against Dallas County. As such Plaintiff's § 1983 cause of action against Dallas County should be dismissed.

Plaintiff's claims against Sheriff Valdez fare no better. The amended complaint, as supplemented by the answers to the supplemental questionnaire, fails to provide any details as to Sheriff Valdez's involvement in permitting jail officials to offer shaving razors on a weekly basis to inmates in the psychiatric floor at the Dallas County Jail, or in the implementation of such a custom or policy.

To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. See Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95 (1978); Bigford v. Taylor, 834 F.2d 1213, 1220 (5th Cir. 1988); Thibodeaux v. Arceneaux, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement

8

unconstitutional policies that causally result in plaintiff's injury. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Grandstaff v. City of Borger, 767 F.2d 161, 169-70 (5th Cir. 1985).

Plaintiff's amended complaint and answers to the supplemental questionnaire fail to allege facts supporting either of the above standards. He merely alleges that Sheriff Valdez "failed to have a written policy which insured [sic] that mentally ill inmates housed on the psychiatric floor would be provided direct visual officer supervision while in the possession of a shaving razor for approximately two hours." (Answer to Supplemental Question 11). There is no allegation that Sheriff Valdez was personally involved in the suicide incidents in question or that she implemented any policy with respect to the offering of shaving razors to psychiatric floor inmates. Therefore, Plaintiff's claims against Dallas County and Sheriff Valdez lack an arguable basis in law and should be dismissed with prejudice as frivolous at the screening stage.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss with prejudice as frivolous Plaintiff's claims of denial of access to the law library against Defendants Dallas County, former Sheriff Bowles, Chiefs McMillian and Porter, and Officers Cole and Teurman, and his claims of deliberate indifference to his serious depression against Defendants Dallas County and Sheriff Valdez. See 28 U.S.C. §§ 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

It is further recommended that process be issued on Plaintiff's claims of deliberate indifference to his serious depression and suicidal tendencies against Officers V. Williams

#5112, Officer Johnson #6445, Officer Terry, Officer Walls, and Officer Mitchell.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 11th day of May, 2006.

                                                WM. F. SANDERSON, JR.
                                                UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**

**TRIAL DOCKET · CRIMINAL DISTRICT COURT – DALLAS COUNTY, TEXAS**

No. F02-25335-UL
DATE OF FILING: MAY 22, 2002

BAIL STATUS: UNAPP

STATE OF TEXAS
ALLEN FITZGERALD CALTON

ATTORNEYS: [signatures] 10/25/04
12/1/04
10/2/04

OFFENSE: EVADING ARREST-DETENTION FACILITY USING VEHICLE, PREVIOUS CONVICTION-ENHANCED, A STATE JAIL FELONY OFFENSE AS CHARGED IN THE INDICTMENT

DATE OF ORDER / ORDERS OF COURT:
6-29-04  6-30-04 Atty Collan
6-30-04  8-23-04 TRL (pro se)
8-23-04  f/s case # 02 0134558 Discussion State Motion Failed
Dismissed on Motion of Dist. Atty. (Marsha Taylor, Asst. Dist. Atty.)

[signatures]

TRIAL DOCKET -- CRIMINAL DISTRICT COURT -- DALLAS COUNTY, TEXAS

No. F02-01146-KL

DATE OF FILING: JULY 18, 2002

STATE OF TEXAS

BAIL STATUS: UNAPP

ATTORNEYS: Doug Brown 2D 6/25/04

OFFENSE: EVADING ARREST-DETENTION FACILITY USING VEHICLE, PREVIOUS CONVICTION-ENHANCED, A STATE JAIL FELONY OFFENSE AS CHARGED IN THE INDICTMENT/HAB/REINDICTMENT

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| 8/11 | |
| 10/2/03 | |
| 6/28/04 | |
| 6/30/04 | ANNO Chain - Dewarts to go PRO SE |
| 8/23/04 | 8.23.04 TRL (PRO SE) |
| 8-23-04 | [illegible handwritten orders] Plea of No Contest [illegible] Plea Guilty [illegible] Found True #2 &#3 Enhancement Found True #2 &#3 Enhancement 3 YRS TDCJ-ID no fine credit for time served |

NO. F-0201146-KL

| | |
|---|---|
| THE STATE OF TEXAS | IN THE CRIMINAL DISTRICT |
| VS. | COURT 5 |
| ALLEN FITZGERALD CALTON | DALLAS COUNTY, TEXAS |

JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
WAIVER OF JURY TRIAL

JULY TERM, A.D., 2004

JUDGE PRESIDING: PAUL BANNER

DATE OF JUDGMENT: 08/23/04

ATTORNEY FOR STATE: MARCIA TAYLOR
ATTORNEY FOR DEFENDANT: DOUG SCHOPMEIER

OFFENSE CONVICTED OF: EVADING ARREST-DETENTION FACILITY USING VEHICLE, PREVIOUS CONVICTION-ENHANCED

DEGREE: THIRD  (ENHANCED)   DATE OFFENSE COMMITTED: 04/23/02

CHARGING INSTRUMENT: INDICTMENT    PLEA: NOLO CONTENDERE

TERMS OF PLEA BARGAIN (IN DETAIL): 2 YEARS TDCJ

PLEA TO ENHANCEMENT PARAGRAPH(S): PLEAD TRUE 2ND & 3RD
FINDINGS ON ENHANCEMENT: 2ND & 3RD FOUND TRUE

FINDINGS ON DEADLY WEAPON, BIAS OR PREJUDICE, AND/OR FAMILY VIOLENCE: NO FINDING

DATE SENTENCE IMPOSED: 08/23/04    COSTS: YES

PUNISHMENT AND PLACE OF CONFINEMENT: 2 YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AND A FINE OF - 0 -
DATE TO COMMENCE: 08/23/04

TIME CREDITED: 04/23/02--08/24/04    RESTITUTION/REPARATION: NO

CONCURRENT UNLESS OTHERWISE SPECIFIED.

40                                                          VOL. 561 PAGE 59

TO TRIAL. THE STATE OF TEXAS AND DEFENDANT APPEARED BY AND THROUGH THE ABOVE NAMED ATTORNEYS AND ANNOUNCED READY FOR TRIAL. DEFENDANT APPEARED IN PERSON IN OPEN COURT. WHERE DEFENDANT WAS NOT REPRESENTED BY COUNSEL, DEFENDANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED THE RIGHT TO REPRESENTATION BY COUNSEL. DEFENDANT, IN PERSON AND IN WRITING IN OPEN COURT WAIVED HIS RIGHT OF TRIAL BY JURY WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY. THE ATTORNEY FOR THE STATE, AND THE COURT. WHERE SHOWN ABOVE THAT THE CHARGING INSTRUMENT WAS BY INFORMATION INSTEAD OF INDICTMENT. THE DEFENDANT DID, WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY WAIVE HIS RIGHT TO PROSECUTION BY INDICTMENT AND AGREE TO BE TRIED ON AN INFORMATION. ALL SUCH WAIVERS, AGREEMENTS AND CONSENTS WERE IN WRITING AND FILED IN THE PAPERS OF THIS CAUSE PRIOR TO THE DEFENDANT ENTERING HIS PLEA HEREIN. DEFENDANT WAS DULY ARRAIGNED AND IN OPEN COURT ENTERED THE ABOVE PLEA TO THE CHARGE CONTAINED IN THE CHARGING INSTRUMENT. DEFENDANT WAS ADMONISHED BY THE COURT OF THE CONSEQUENCES OF THE SAID PLEA AND DEFENDANT PERSISTED IN ENTERING SAID PLEA, AND IT PLAINLY APPEARING TO THE COURT THAT DEFENDANT IS MENTALLY COMPETENT AND SAID PLEA IS FREE AND VOLUNTARY THE SAID PLEA WAS ACCEPTED BY THE COURT AND IS NOW ENTERED OF RECORD AS THE PLEA HEREIN OF DEFENDANT. DEFENDANT IN OPEN COURT, IN WRITING HAVING WAIVED THE READING OF THE CHARGING INSTRUMENT, THE APPEARANCE, CONFRONTATION, AND CROSS-EXAMINATION OF WITNESSES, AND AGREED THAT THE EVIDENCE MAY BE BY STIPULATION, CONSENTED TO THE INTRODUCTION OF TESTIMONY ORALLY, BY JUDICIAL CONFESSIONS, BY AFFIDAVITS, WRITTEN STATEMENTS OF WITNESSES AND ANY OTHER DOCUMENTARY EVIDENCE. SUCH WAIVER AND CONSENT HAVING BEEN APPROVED BY THE COURT IN WRITING AND FILED IN THE PAPERS OF THE CAUSE. THE COURT HAVING HEARD DEFENDANT'S WAIVER OF THE READING OF THE CHARGING INSTRUMENT, AS SHOWN ABOVE, DEFENDANT'S PLEA THERETO, THE EVIDENCE SUBMITTED, AND THE ARGUMENT OF COUNSEL IS OF THE OPINION FROM THE EVIDENCE SUBMITTED THAT DEFENDANT IS GUILTY OF THE OFFENSE AS SHOWN ABOVE AND THAT THE OFFENSE WAS COMMITTED BY SAID DEFENDANT ON THE DATE SET FORTH ABOVE. THE COURT FURTHER MAKES IT FINDINGS AS TO DEADLY WEAPON, FAMILY VIOLENCE, BIAS OR PREJUDICE, RESTITUTION OR REPARATION AS SET FORTH ABOVE.

AND WHEN SHOWN ABOVE THAT THE CHARGING INSTRUMENT CONTAINS ENHANCEMENT PARAGRAPH(S), WHICH WERE NOT WAIVED OR DISMISSED, THE COURT, AFTER HEARING THE DEFENDANT'S PLEA TO SAID PARAGRAPH(S), AS SET OUT ABOVE AND AFTER HEARING FURTHER EVIDENCE ON THE ISSUE OF PUNISHMENT, MAKES ITS FINDINGS AS SET OUT ABOVE. IF TRUE, THE COURT IS OF THE OPINION AND FINDS DEFENDANT HAS BEEN HERETOFORE CONVICTED OF SAID OFFENSE(S) ALLEGED IN THE SAID ENHANCEMENT PARAGRAPH(S) AS MAY BE SHOWN ABOVE.

AND WHEN SHOWN ABOVE THAT THERE WAS A PLEA BARGAIN AGREEMENT, THE DEFENDANT WAS INFORMED AS TO WHETHER THE COURT WOULD FOLLOW OR REJECT SUCH AGREEMENT AND IF THE COURT REJECTED SUCH AGREEMENT THE DEFENDANT WAS GIVEN AN OPPORTUNITY TO WITHDRAW HIS PLEA PRIOR TO ANY FINDING ON THE PLEA.

WHEN IT IS SHOWN ABOVE THAT RESTITUTION HAS BEEN ORDERED BUT THE COURT DETERMINES THAT THE INCLUSION OF THE VICTIM'S NAME AND ADDRESS IN THE JUDGMENT IS NOT IN THE BEST INTEREST OF THE VICTIM, THE PERSON OR AGENCY WHOSE NAME AND ADDRESS IS SET OUT IN THIS JUDGEMENT WILL ACCEPT AND FORWARD THE RESTITUTION PAYMENTS TO THE VICTIM.

AND WHEN IT IS SHOWN BELOW THAT PAYMENT OF THE COSTS OF LEGAL SERVICES PROVIDED TO THE DEFENDANT IN THIS CAUSE HAS BEEN ORDERED, THE COURT FINDS THAT THE DEFENDANT HAS THE FINANCIAL RESOURCES TO ENABLE THE DEFENDANT TO OFFSET SAID COSTS IN THE AMOUNT ORDERED.

THEREUPON THE SAID DEFENDANT WAS ASKED BY THE COURT WHETHER HE HAD ANYTHING TO SAY WHY SAID SENTENCE SHOULD NOT BE PRONOUNCED AGAINST HIM, AND HE ANSWERED NOTHING IN BAR THEREOF, AND IT APPEARING TO THE COURT THAT DEFENDANT IS MENTALLY COMPETENT AND UNDERSTANDING OF THE PROCEEDINGS;

IT IS, THEREFORE, CONSIDERED AND ORDERED BY THE COURT, IN THE PRESENCE OF DEFENDANT, AND HIS ATTORNEY, THAT SAID JUDGMENT AS SET FORTH ABOVE IS HEREBY IN ALL THINGS APPROVED AND CONFIRMED, AND THAT SAID DEFENDANT BE ADJUDGED GUILTY OF THE OFFENSE AS SHOWN ABOVE, AND THAT SAID DEFENDANT BE PUNISHED IN ACCORDANCE WITH THE PUNISHMENT SET FORTH ABOVE, AND DEFENDANT IS SENTENCED TO A TERM OF IMPRISONMENT OR FINE OR BOTH, AS SET FORTH ABOVE. AND DEFENDANT SHALL BE DELIVERED BY THE SHERIFF TO THE DIRECTOR OF THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, OR OTHER

PERSON, LET THE DEFENDANT BE PUNISHED AS ABOVE HEREIN, AND SAID DEFENDANT SHALL BE CONFINED FOR THE ABOVE NAMED TERM IN ACCORDANCE WITH THE PROVISIONS OF LAW GOVERNING SUCH PUNISHMENTS. IT IS FURTHER ORDERED THAT THE DEFENDANT PAY THE FINE, COURT COST, COSTS AND EXPENSES OF LEGAL SERVICE PROVIDED BY THE COURT APPOINTED ATTORNEY IN THIS CAUSE, IF ANY, AND RESTITUTION OR REPARATION, AS SET FORTH HEREIN.

DEFENDANT IS HEREBY ORDERED REMANDED TO JAIL UNTIL SAID SHERIFF CAN OBEY THE DIRECTIONS OF THIS JUDGMENT.

FOLLOWING THE DISPOSITION OF THIS CAUSE THE DEFENDANT'S FINGERPRINT WAS, IN OPEN COURT, PLACED UPON A CERTIFICATE OF FINGERPRINT. SAID CERTIFICATE IS ATTACHED HERETO AND IS INCORPORATED BY REFERENCE AS A PART OF THIS JUDGMENT.

WHEN REQUIRED, A PRESENTENCE INVESTIGATION WAS CONDUCTED IN ACCORDANCE WITH THE APPLICABLE PROVISIONS OF LAW.

\*\* NO VICTIM IMPACT STATEMENT HAS BEEN RECEIVED BY THE COURT \*\*

COURT COSTS IN THE AMOUNT OF $223.00

_____
JUDGE PRESIDING

# JUDGMENT
## CERTIFICATE OF THUMBPRINT

CAUSE NO. F02-01141

THE STATE OF TEXAS              IN THE _Criminal_
VS.                             DISTRICT COURT _45_
_Allen Fitzgerald_              DALLAS COUNTY, TEXAS

**Right Thumb*** 

Defendant's _Rt_ hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN COURT THIS _23_ DAY OF _Aug_, 19 _2004_

_signature_ #731
BAILIFF/DEPUTY SHERIFF

*Indicate here if print other than defendant's right thumbprint is placed in box:

☐ left thumbprint        ☐ left/right index finger

☐ other, _____